(June 17, 1916.)

## OLIVER C. JONES, Respondent, v. J. CARLYLE MILLER and CHARLES CORLISS, Appellants.

[158 Pac. 499.]

WATER RIGHT—PIPE-LINE—INTERFERENCE WITH—INJUNCTION—ADMISSION AND REJECTION OF EVIDENCE—SUFFICIENCY OF EVIDENCE.

1. *Held,* that the court committed no reversible error in the admission and rejection of certain evidence.

2. *Held,* that the evidence is sufficient to support the judgment and decision.

[As. to meaning of "domestic purposes" as used in relation to riparian rights, see note in Ann. Cas. 1914D, 563.]

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to enjoin defendants from interfering with pipe-line and water right of plaintiff. Judgment for plaintiff. *Affirmed.*

Eugene O'Neill and Lawrence O'Neill, for Appellants.

The court erred in not receiving the proffered evidence of appellants, as it shows the use claimed by appellants, indispensable domestic use taking precedence over other uses, as irrigation. (Const. of Idaho, sec. 3, art. 15.)

The admissions of parties and predecessors in interest in real estate made while the interest continues are admissible in evidence against their successors in interest. (Jones on Law of Evidence, secs. 237, 238, 241; *McFadden v. Ellmaker,* 52 Cal. 348; *Flagg v. Mason,* 141 Mass. 64, 6 N. E. 702; *Gratz v. Beates,* 45 Pa. St. 495; *Williams v. Harter,* 121 Cal. 47; 53 Pac. 405; *Stanley v. Green,* 12 Cal. 148.)

The agreement as to the use of water was and may be made orally. (2 Devlin on Deeds, secs. 822, 823; *Irvine v. McKeon,* 23 Cal. 472; *Peck v. Vandenberg,* 30 Cal. 11; *Coles v. Soulsby,* 21 Cal. 47; *Lake v. Bender,* 18 Nev. 361, 4 Pac. 711, 7 Pac. 74.)

Miles S. Johnson, for Respondent.

Under the statutes of Idaho a verbal contract for the sale or transfer of real estate is not admissible in evidence against a stranger to such contract. (*McGinness v. Stanfield,* 6 Ida. 372, 55 Pac. 1020; 7 Ida. 23, 59 Pac. 936.)

SULLIVAN, C. J.—This action was brought for an injunction to restrain defendants from interfering with the pipe-line and water right owned by the plaintiff. Upon a trial of the issues made by the pleadings, the court granted a permanent injunction restraining the defendants from in any manner interfering with the pipe-line and water right of plaintiff. The appeal is from that judgment or order.

Several errors are assigned in regard to the admission and rejection of certain evidence and to the sufficiency of the evidence to support the judgment.

Upon a careful examination of the record, we are satisfied that the court did not commit any reversible error, and the judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.